**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| PATRICK SULLIVAN,<br><br>Plaintiff,<br><br>v.<br><br>CREDIT CONTROL, LLC,<br><br>Defendant. | Civ. No.: 4:25–cv-13788-MRG |

**ORDER ON DEFENDANT'S MOTION TO DISMISS THE AMENDED COMPLAINT [ECF No. 22]**

**GUZMAN, J.**

Plaintiff Patrick Sullivan, ("Sullivan" or "Plaintiff") alleges that Credit Control, LLC ("Defendant"), a collection agency, continued to collect on a debt despite his request for verification in violation of Fair Debt Collection Practices Act, ("FDCPA") 15 U.S.C. §§ 1692g(b), 1692e, 1692f and state debt collection law, 940 CMR 7.08. [Am. Compl., ECF No. 18].

Before the Court is Defendant's Motion to Dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). [ECF No. 22]. For the following reasons, the Motion to Dismiss is **GRANTED**.

## I. BACKGROUND

The following relevant facts are taken primarily from the allegations in Plaintiff's Amended Complaint and are accepted as true for purposes of this motion. Ruivo v. Wells Fargo Bank, N.A., 766 F.3d 87, 90 (1st Cir. 2014) (explaining that a reviewing court "must separate the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited)."). All plausible inferences are made in Plaintiff's favor. Id.

### A. **Relevant Facts**[1]

Plaintiff alleges that Credit Control attempted to collect a consumer debt from him in violation of the FDCPA. [Am. Compl. ¶¶ 7, 12]. On or about May 10, 2024, Plaintiff contacted Credit Control and requested a verification of the alleged debt, referring to a collection letter he received in April 2024 (the "April Letter"). [Id. ¶¶ 8, 10–11; May 2024 Verification Request, ECF No. 1-1 at 10–13; April Letter, ECF No. 22-2]. The April Letter indicated that the debt in question belonged to an account with the reference number ending in 7420 ("the 7420 Account") with a balance of $494.87, which originated from Navy Federal Credit Union. [April Letter]. In the May 2024 Verification Request, Plaintiff explicitly refers to the April Letter and lists the 7420 account details and origins of the debt with Navy Federal Credit Union. [May 2024 Verification Request]. It is unclear whether Credit Control ever responded to the May 2024 Verification Request; however, Plaintiff alleges that Credit Control did not provide proper verification of the account before sending him another collections letter in August 2024 (the "August Letter"). [Am. Compl. ¶ 12; August Letter, ECF No. 1-1 at 5].

In the August Letter, Defendant also sought to collect a consumer debt owed by Plaintiff; however, the August Letter referred to a debt of $296.60 with a different account reference number than the April Letter (an account ending in 1522, the "1522 Account"), and indicated that the debt originated from a Platinum Secured account with Capital One, N.A. [See August Letter]. In the Amended Complaint, Plaintiff alleges that Defendant in its correspondence "mischaracterize[d] the disputed obligation by referencing internal account numbers so as to suggest the existence of multiple or separate accounts,

[1] It is well established that in evaluating a motion to dismiss, a court may consider documents attached to the complaint, expressly incorporated therein, or central to the Plaintiff's claim. Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993). In the present matter, this includes the exhibits attached to Plaintiff's original complaint. [ECF No. 1-1]. These exhibits, particularly the "April Letter" and "August Letter" are referenced throughout the Plaintiff's Amended Complaint and are therefore incorporated by reference for the Court's review, additionally these communications are central to Plaintiff's claims.

despite there being only one underlying debt." [Am. Compl. ¶ 13]. After Credit Control articulated in its motion to dismiss memorandum that there were two distinct debts allegedly owed by Plaintiff, [ECF No. 22 at 5–9], Plaintiff withdrew his allegation[2] that Defendant somehow falsified that there were two distinct accounts and acknowledged that Defendant has more than one account involving Plaintiff, further clarifying that "the debt at issue in this action concerns the account ending in '1553' with Capital One, N.A. as the original creditor, referenced in the [August Letter]," [ECF No. 23 at 1–2].

### B. Procedural History

Plaintiff filed a Statement of Small Claim and Notice in Fitchburg, Massachusetts District Court on August 19, 2025. [ECF No. 1-1]. In December 2025, the case was removed to federal court. [ECF No. 1]. Within the same month, Defendant filed its motion to dismiss and Plaintiff filed his opposition, as well as a motion to amend and clarify his complaint. [ECF Nos. 9–12]. Magistrate Judge Hennessy granted Plaintiff leave to amend his complaint and Plaintiff promptly filed his First Amended Complaint. [ECF Nos. 16, 18]. In January 2026, Defendant filed its renewed Motion to Dismiss and Plaintiff filed his opposition. [ECF Nos. 22–23].

## II. LEGAL STANDARDS

When reviewing a motion to dismiss against a *pro se* Plaintiff, the Court is required to "interpret the *pro* se complaint liberally." Sause v. Bauer, 585 U.S. 957, 960 (2018). Nonetheless, a complaint "must provide 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" Cardigan Mountain Sch. v. N.H. Ins. Co., 787 F.3d 82, 84 (1st Cir. 2015) (quoting Fed. R. Civ. P. 8(a)(2)). To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint "must contain sufficient factual

[2] At the motion to dismiss stage, the Court may consider "facts put forward by the defendant only to the extent that they are uncontradicted." Mora v. AngioDynamics, Inc., No. 21-cv-11352-ADB, 2021 U.S. Dist. LEXIS 208157, at *8 (D. Mass. Oct. 28, 2021) (citations omitted). Here, Plaintiff has conceded to the assertion by Defendant that there are two debt accounts relating to Plaintiff.

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). At the pleading stage, a plaintiff need not demonstrate that they are likely to prevail, but "[their] claim must suggest 'more than a sheer possibility that a defendant has acted unlawfully.'" García-Catalán v. United States, 734 F.3d 100, 102–03 (1st Cir. 2013) (quoting Iqbal, 556 U.S. at 678).

## III. DISCUSSION

Defendant moves this Court to dismiss the pending claims because the May 2024 Verification Request and the August Letter "clearly refer to different accounts." [ECF No. 22 at 5–9]. Defendant outlines in great detail how these accounts differ. [Id.] Additionally, as stated above, in his opposition memorandum, Plaintiff concedes that there is more than one account controlled by Defendant, and acknowledges that the April and August letters pertain to different accounts. [ECF No. 23 at 1–4]. Because the August Letter did not seek to collect on the Navy Federal Credit Union debt referenced in the April Letter – the only debt for which Plaintiff requested verification in the May 2024 Verification Request – Plaintiff cannot sustain a claim under the cited consumer protection statutes, and his claims must be dismissed.

For Plaintiff to succeed on a FDCPA claim, he must prove that "(1) he was the object of collection activity arising from consumer debt, (2) the defendant is a debt collector within the meaning of the statute, and (3) the defendant engaged in a prohibited act or omission under FDCPA." Krasnor v. Spaulding L. Off., 675 F.Supp.2d 208, 211 (D. Mass. 2009) (citing Som v. Daniels Law Offices, P.C., 573 F.Supp.2d 349, 356 (D. Mass. 2008)). The parties do not dispute that Plaintiff is the object of a collection activity, nor that Defendant is a debt collector within the meaning of the statute. With regard to the third-prong, Plaintiff contends that Defendant violated the FDCPA by pursuing collection on his debt after he requested a verification of the debt. [See Am. Compl.].

Pursuant to 15 U.S.C. § 1692g(b) ("Section 1692g") of the FDCPA, if a consumer sends a written notice contending that the debt is disputed, a collector must cease collection of a debt until the agency mails the consumer a verification of the debt and/or the name and address of the original creditor. 15 U.S.C. § 1692g(b). A verification request under Section 1692g pertains to a single account contested by the debtor, it does not pause the collection on all other accounts. See 15 U.S.C. § 1692g(b).[3] A debtor must request a verification of each account if they are disputing its collection. Id. The same is true under the analogous state statute, 940 CMR 7.08.[4] Verification of a debt is not a heavy burden, "confirmation of the amount of the debt and the identity of the creditor, which is then relayed to the debtor—is sufficient." Poulin v. The Thomas Agency, 760 F.Supp.2d 151, 159 (D. Me. 2011) (collecting cases).

Here, Plaintiff requested a verification for the debt connected to the 7420 Account. [May 2024 Verification Request, ECF No. 1-1 at 11–12]. In August 2024, he received a communication from

---

[3] "If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector." 15 U.S.C. § 1692g(b).

Under the FDCPA, the term "debt" means, "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5).

[4] "If the debtor, or any attorney for the debtor, notifies the creditor in writing within the 30-day period described in 940 CMR 7.08(1), that the debt, or any portion thereof, is disputed, the creditor shall cease collection of the debt, or any disputed portion thereof, until the creditor verifies the debt and provides the debtor [with required verification materials]." 940 C.M.R. 7.08(2).

The term "debt" means, "money or its equivalent which is, or is alleged to be, more than 30 days past due and owing, unless a different period is agreed to by the debtor, under a single account as a result of a purchase, lease, or loan of goods, services, or real or personal property, for personal, family or household purposes or as a result of a loan of money which is obtained for personal, family or household purposes whether or not the obligation has been reduced to judgment." 940 C.M.R. 7.03.

Defendant but for the debt connected to the 1522 Account. [Id. at 5]. The documents are clear on their face that the reference numbers and the itemization date refer to two different accounts. [ECF No. 22 at 6–9]. Therefore, Plaintiff's allegation that Defendant sent him "continued communication" after seeking verification of the 7420 Account is nullified given that the alleged "continued communication" was a communication regarding a different debt entirely: the Capital One 1522 Account debt. Because there are two different accounts at issue and Defendant was not seeking to collect on the account that was the subject of the verification request, Plaintiff fails to allege any facts in support of his claims under the Fair Debt Collection Practices Act, or the state debt collection law, 940 CMR 7.08.

Therefore, the Motion to Dismiss as to Counts I–III is **GRANTED**. Given that Plaintiff makes no additional allegations under Count IV other than "Defendant's violations of the FDCPA and Massachusetts debt collection regulations," his failure to state a claim as to Counts I through III extends to Count IV.

## IV. CONCLUSION

For the reasons stated above, the Motion to Dismiss, ECF No. 18, is **GRANTED** and this case is **DISMISSED.**

**SO ORDERED.**

Dated: August 14, 2026

/s/ Margaret R. Guzman
Margaret R. Guzman
United States District Judge